UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DAVID WILSON                                                CIVIL ACTION

VERSUS                                                         NO. 08-3507

DR. MARC L. ZIMMERMAN, ET AL.                  SECTION:  "C"(1)

## REPORT AND RECOMMENDATION

Plaintiff, David Wilson, a state prisoner, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against Marc L. Zimmerman, Rebecca L. Hudsmith, Harry Pastuszek, James L. Volling, William P. Quigley, William R. Campbell, Jr., Larry Smith, and the State of Louisiana.  Plaintiff claims that defendants conspired to have him illegally sentenced to a term of life imprisonment without his knowledge or consent.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>> (i) is frivolous or malicious;
>> (ii) fails to state a claim on which relief may be granted; or
>> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of a complaint.  Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.  Although broadly construing plaintiff's complaint,[1] the Court nevertheless finds that this civil action

---

[1] The court must liberally construe a *pro se* civil rights complaint.  See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

should be dismissed as frivolous, for failing to state a claim on which relief may be granted, and/or for seeking monetary damages against defendants who are immune from such relief.[2]

     This lawsuit stems from plaintiff's criminal conviction in the Louisiana Twenty-Second Judicial District Court for the Parish of St. Tammany.  In 1984, plaintiff was convicted of first degree murder and sentenced to death.  On February 26, 1985, the Louisiana Supreme Court affirmed that conviction and sentence.  State v. Wilson, 467 So.2d 503 (La.), cert. denied, 474 U.S. 911 (1985).  Plaintiff subsequently sought federal *habeas corpus* relief.  Although the district court initially denied relief without a hearing, the United States Fifth Circuit Court of Appeals vacated that judgment in part and ordered that an evidentiary hearing be held.  Wilson v. Butler, 813 F.2d 664 (5th Cir.), modified in part on reh'g, 825 F.2d 879 (5th Cir. 1987), cert. denied, 484 U.S. 1079 (1988).  After that evidentiary hearing, the district court granted relief to the extent that plaintiff sought a new sentencing proceeding and denied relief to the extent that he sought a new trial.  See David E. Wilson v. N. Burl Cain, Warden, Civil Action No. 00-1863 (E.D. La. July 13, 2000) (Rec. Doc. 3, p. 2).  The parties then entered into a "Stipulation of Settlement Regarding the Sentencing of David Earl Wilson" in which it was agreed that the parties would waive their rights to appeal that judgment and that plaintiff would be sentenced to a term of life imprisonment without benefit of probation, parole, or suspension of sentence.[3]  That stipulation was signed by plaintiff on February 11, 1990,

---

   [2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment.  See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003).  Any amendment would be futile because plaintiff simply is not entitled to relief for the reasons set forth in this opinion.

   [3] Plaintiff attached a copy of that stipulation to the complaint.

with defendants Marc L. Zimmerman and Rebecca L. Hudsmith serving as witnesses.  It was also signed by defendant Assistant District Attorney Harry Pastuszek on February 7, 1990, and by defendant William R. Campbell, counsel for defendant Acting Warden Larry Smith on February 12, 1990.  It was accepted and approved by plaintiff's counsel, defendants James L. Volling and William P. Quigley, on February 11, 1990.

In this lawsuit, plaintiff claims that the defendants conspired to trick him into signing the stipulation in which he purportedly agreed to a term of life imprisonment.  He further alleges that he was told by defendants that *no* sentence would be imposed and that he would be released when he completed mental health treatment.  He states that he first learned of the content of the stipulation on April 7, 2008, when his records were reviewed by a friend.  As relief, plaintiff seeks only monetary damages.

As a preliminary matter, the Court notes that plaintiff has improperly named the State of Louisiana as a defendant.  The Eleventh Amendment bars a state's citizens from filing suit against the state in federal court unless the state has waived its immunity.  Cozzo v. Tangipahoa Parish Council-President Government, 279 F.3d 273, 280 (5th Cir. 2002).  The United States Fifth Circuit Court of Appeals has noted:

> By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal court.  See La.Rev.Stat.Ann. § 13:5106(A).
>
> Furthermore, Congress may only abrogate a state's Eleventh Amendment immunity by unequivocally expressing its intent to do so and by acting pursuant to a valid exercise of power.  We note that in enacting § 1983, Congress did not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.

4

Id. at 281 (quotation marks and citations omitted).  Accordingly, this Court has no jurisdiction over plaintiff's claim against the State of Louisiana, and that claim should be dismissed without prejudice.  See Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

Plaintiff's official-capacity claim against Larry Smith, the former warden of the Louisiana State Penitentiary, is similarly barred.  A suit against a state employee in his official capacity is actually a suit against the state itself.  Hafer v. Melo, 502 U.S. 21, 25 (1991).  Therefore, the official-capacity claim against Smith is likewise barred by the Eleventh Amendment.  See, e.g., Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006).

Plaintiff's individual-capacity claim against Assistant District Attorney Harry Pastuszek is also barred.  Pastuszek is protected by absolute prosecutorial immunity for actions he took as an advocate for the state in prosecuting plaintiff.  "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process."  Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994).  A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom."  Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted).  Further, "[a]bsolute immunity shelters prosecutors even when they act maliciously, wantonly or negligently."  Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted).  Because plaintiff's claim against Pastuszek in his individual capacity relates to his actions taken in prosecuting the murder charge, he is protected by absolute immunity.[4]

---

[4]   To the extent that plaintiff has sued Pastuszek in his official capacity, that claim fails for two reasons.

First, plaintiff has failed to state an official-capacity claim.  The United States Fifth Circuit

Lastly, even if the Court assumes that the remaining defendants are properly named,[5] his request for monetary damages is barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness

_____

Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities.  Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

<u>Burge v. Parish of St. Tammany</u>, 187 F.3d 452, 470 (5th Cir. 1999).  The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted.  To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

<u>Spiller v. City of Texas City, Police Department</u>, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted).  In the instant case, plaintiff does not allege that his purported injury was in any way related to an official policy or custom.

Second, in any event, even if plaintiff had properly stated an official-capacity claim, that claim would be barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), for the reasons discussed later in this opinion.

_____

[5] Normally, only persons "acting under color of state law" may be held liable in a federal civil rights action.  42 U.S.C. § 1983.  A number of the named defendants are private individuals rather than state actors.  However, the Court recognizes that private individuals may be liable under § 1983 for engaging in a conspiracy with state actors.  <u>See Mills v. Criminal District Court #3</u>, 837 F.2d 677, 679 (5th Cir. 1988); <u>see also Mowbray v. Cameron County, Texas</u>, 274 F.3d 269, 278 (5th Cir. 2001) ("[I]t is possible, in limited circumstances, to allege a § 1983 conspiracy claim against a private actor ....").  Plaintiff alleges the existence of such a conspiracy in this lawsuit.

would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted). Because a finding by this Court that plaintiff was fraudulently induced into signing the sentencing agreement would necessarily imply the invalidity of his present confinement, Heck currently bars his claim for monetary damages in this federal civil rights action. Claims barred by Heck are legally frivolous. Hamilton v. Lyons, 74 F.3d 99, 102 (5th Cir. 1996).

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED**. It is recommended that plaintiff's claims against the State of Louisiana and Larry Smith in his official capacity be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction. It is further recommended that plaintiff's claim against Harry Pastuszek in his individual capacity be **DISMISSED WITH PREJUDICE**. It is further recommended that plaintiff's remaining claims be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this second day of June, 2008.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**